George Hom, Pro Se
*Creditor*
840 Lydia Lane
Westbury, New York 11590

Richard Croak, Esq.
*Attorney for Bruce Martin*
314 Great Oaks Blvd.
Albany, New York 12203

Andrea E. Celli, Esq.
*Chapter 13 Trustee*
350 Northern Blvd.
Albany, New York 12204

Re.:   Bruce Martin
       Chapter 13
       Case No. 04-17210

## LETTER DECISION AND ORDER

George Hom, a creditor proceeding pro se, has filed an appeal in conjunction with a motion for leave to appeal this court's September 05, 2006 Memorandum-Decision and Order sanctioning him by awarding attorney fees to debtor's counsel. Mr. Hom has also filed an application under the penalty of perjury, dated October 2, 2006, requesting that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) with both his appeal and motion for leave to appeal.

### DISCUSSION

The instant case was filed November 9, 2004, prior to the enactment of the Bankruptcy Abuse Prevention Consumer Protection Act ("BAPCPA"). Whether or not a person should be entitled to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is left to the discretion of the court. More specifically, § 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution
> or defense of any suit, action or proceeding, civil or criminal, or appeal therein,
> without prepayment of fees or security therefor, by a person who submits an

>affidavit that includes a statement of all assets such [person] . . . possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a).  For pre-BAPCPA cases, 28 U.S.C. § 1930(a) specifically excepts fees associated with the commencement of a bankruptcy case from the operation of 28 U.S.C. §1915(a).  As discussed in our prior April 7, 2005 Letter Decision and Order rendered in this case (*In re Martin*, No. 04-17210 slip op. (Bankr. N.D.N.Y. April 7, 2005)), there is a split of authority as to whether this exception should be read expansively as prohibiting a party from proceeding *in forma pauperis* in all bankruptcy proceedings.  The court, however, need not decide the issue of whether or not the ability to proceed *in forma pauperis* exists for a creditor in connection with a bankruptcy appeal because Mr. Hom has not met the requirements of 28 U.S.C. § 1915(a).  More specifically, the court finds Mr. Hom has the ability to pay the required fees.  This finding is based upon Mr. Hom's application, including, but not limited to, his responses to questions 4 and 5, wherein he indicated that he has $850 and a home worth $360,000.  Accordingly, it is

>ORDERED, that the application is denied; and it is further,

>ORDERED, that Mr. Hom shall pay the $5.00 fee for filing the notice of appeal to the Clerk within 5 business days of entry of this order; and it is further

>ORDERED, that Mr. Hom shall pay the $250.00 docketing fee for the appeal to the Clerk if the District Court grants his pending motion for leave to appeal.

Albany, New York
October  19, 2006                                                          s/ Robert E. Littlefield, Jr.
                                                                                         _____
                                                                                         Hon. Robert E. Littlefield, Jr.
                                                                                         U.S. bankruptcy Court Judge